# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CASE NO. 1:26-mc-00008-MR

| | | |
|---|---|---|
| SCOTT RANDALL REICH, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the pro se "Motion for 18 U.S.C.A. § 3600 DNA Testing" filed by Scott Randall Reich (herein "Movant") on March 18, 2026.  [Doc. 1].

## I.    BACKGROUND

The Movant is a prisoner of the State of North Carolina.[1]  The Movant was convicted in Rutherford County Superior Court on October 2, 2008, of First-Degree Murder. [NCDAC Database]. The Movant received a sentence of life imprisonment without the possibility of parole. [Id.].

---

[1]    See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1106083&searchOffenderId=1106083&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1(herein "NCDAC Database"); Fed. R. Evid. 201.

On August 5, 2013, the Movant filed in this Court a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, seeking to attack his Rutherford County judgment. [WDNC Case No. 1:13-cv-00221-FDW; Doc. 1]. The Court dismissed that petition without prejudice due to the Movant's failure to exhaust his state remedies. [Id.; Doc. 3].

On March 6, 2017, the Movant filed in this Court another Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, seeking to attack his Rutherford County judgment. [WDNC Case No. 1:17-cv-00068-FDW; Doc. 1]. The Court directed the Respondent to file an answer to the petition, which the Respondent did, and the Respondent also filed a motion for summary judgment raising, inter alia, the statute of limitations defense. [Id.; Docs. 2; 9; 10; and 11]. The Movant filed a Reply to the Respondent's Answer [id.; Doc. 16], and an Objection to the Respondent's summary judgment motion. [Id.; Doc. 14]. The Court granted the Respondent's summary judgment motion and dismissed that petition as having been filed beyond the applicable periods of limitation. [Id.; Doc. 22].

On March 25, 2021, the Movant filed in this Court another Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, seeking to attack his Rutherford County judgment. [WDNC Case No. 1:21-cv-00083-MR; Doc. 1].

2

The Court dismissed that petition as an unauthorized successive petition. [Id.; Doc. 8].

The Movant commenced the present action March 18, 2026, purportedly under the Innocence Protection Act of 2004, 18 U.S.C. § 3600 (herein "IPA"), seeking "an order granting post-conviction DNA, namely, 'touch' DNA testing." [Doc. 1 at 2].

## II.     DISCUSSION

The IPA "opens the door to revisiting mistaken convictions, when the new science of identifying people by their DNA left at a crime scene may exonerate the wrongly convicted." United States v. Watson, 792 F.3d 1174, 1177 (9th Cir. 2015). Further, an application for relief under the IPA, properly made, is not a request for federal habeas relief, but an independent action seeking a discreet remedy. United States v. Cowley, 814 F.3d 691, 696 (4th Cir. 2016) ("the government argues that … the content of Cowley's motion 'reveals itself as a successive habeas petition....' We disagree."); 18 U.S.C. § 3600(h)(3) (a motion under the IPA is not a motion under 28 U.S.C. § 2255). Nevertheless, the IPA only "allows **federal** prisoners to move for court-ordered DNA testing under certain specified conditions." Dist. Attorney's Office for the Third Judicial Dist. v. Osborne, 557 U.S. 52, 63 (2009) (emphasis added). Specifically, the IPA provides:

3

> Upon a written motion by an individual sentenced to imprisonment or death ***pursuant to a conviction for a Federal offense*** ..., the court that entered the judgment of conviction shall order DNA testing of specific evidence if the court finds that all of the following [ten statutory conditions] apply.

18 U.S.C. § 3600(a) (emphasis added).

Because he is in custody only for a state law conviction, and he has not been sentenced for or imprisoned due to a federal offense, the Movant cannot seek DNA testing under the Innocence Protection Act, 18 U.S.C. § 3600.  As such, the Court is without jurisdiction in this matter to proceed further and this action shall be dismissed without prejudice.

## O R D E R

**IT IS, THEREFORE, ORDERED that** this action is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.  The Clerk of Court is respectfully directed to terminate this case.

**IT IS SO ORDERED.**

Signed: March 23, 2026

Martin Reidinger
Chief United States District Judge

4